UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CENTURY SURETY COMPANY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:12-CV-1320 (CEJ) ) |
| EURO, INC., and BLAKE CONATSER, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Century Surety Company for judgment on the pleadings. Plaintiff filed this action seeking a declaration that it does not have a duty to defend or indemnify its insured, defendant Euro, Inc. (Euro), in connection with a negligence suit brought by defendant Blake Conatser in state court. Defendant Conatser has filed a response in opposition to the motion, in which defendant Euro has joined. The issues are fully briefed.

### I. Background

Euro owns and operates a nightclub in St. Louis City. In 2012, Conatser brought an action against Euro in a Missouri state court, asserting a claim of negligence. Conatser alleged that he was severely beaten by Euro customers while he was a patron of the nightclub on May 1, 2011. According to Conatser's amended petition, Euro failed to provide adequate security, exposed him to a foreseeable and unreasonable risk of harm, failed to provide adequately trained and competent security personnel, failed to take reasonable measures to protect business invitees from foreseeable harm and injury, failed to warn him of the risk of harm and injury, and was otherwise negligent. Conatser sought damages for the physical injuries he allegedly sustained.

Plaintiff issued a commercial lines policy of insurance to Euro that was in effect from October 8, 2010 to October 8, 2011. Euro tendered the state-court action to plaintiff for defense and indemnification. Plaintiff agreed to provide a defense subject to a reservation of its right to decline coverage under the policy.

The policy provides the following coverage:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    1.    **Insuring Agreement**

        a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply. . .

    2.    **Exclusions**

    This insurance does not apply to:

        a.    **Expected Or Intended Injury**

            "Bodily injury" . . . expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

Policy, § I.1 [Doc. #1-4 at 27-28].

The policy provides a definition for "bodily injury" but does not define "assault" or "battery."

The policy issued to Euro includes an endorsement entitled "Exclusion – Assault and Battery," which states:

**This endorsement modifies insurance provided under the following:**

    COMMERCIAL GENERAL LIABILITY COVERAGE PART

    * * *

1. This insurance does not apply to "bodily injury" . . . arising out of or resulting from:

   (a) any actual, threatened or alleged assault or battery;

   (b) the failure of any insured or anyone else for whom the insured is or could be held legally liable to prevent or suppress any assault or battery;

   (c) the failure of any insured or anyone else for whom the insured is or could be held legally liable to render or secure medical treatment necessitated by any assault or battery;

   (d) the rendering of medical treatment by any insured or anyone else for whom the insured is or could be held legally liable that was necessitated by any assault or battery;

   (e) the negligent:
   (i) employment;
   (ii) investigation;
   (iii) supervision;
   (iv) training;
   (v) retention;
   of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by 1.(a), (b), (c), or (d) above;

   (f) any other cause of action or claim arising out of or as a result of 1.(a), (b), (c), (d), or (e) above.

2. We shall have no duty to defend or indemnify any claim, demand, suit, action, litigation, . . . or other judicial or administrative proceeding seeking damages, equitable relief, injunctive relief, or administrative relief where:

   (a) any actual or alleged injury arises out of any combination of an assault or battery-related cause and a non-assault or battery-related cause.

   (b) any actual or alleged injury arises out of a chain of events which includes assault or battery, regardless of whether the assault or battery is the initial precipitating event or a substantial cause of injury.

   (c) any actual or alleged injury arises out of assault or battery as a concurrent cause of injury, regardless of whether the assault or battery is the proximate cause of injury.

Endorsement, 1 and 2 [Doc. #1-4 at 65].

II. <u>Legal Standard</u>

When considering a motion for judgment on the pleadings under Rule 12(c), Fed.R.Civ.P., a court must accept as true all factual allegations set out in the complaint and construe the complaint in the light most favorable to the plaintiff, drawing all inferences in her favor. <u>Wishnatsky v. Rovner</u>, 433 F.3d 608, 610 (8th Cir. 2006). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law," the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6). <u>Ashley County, Ark. v. Pfizer, Inc.</u>, 552 F.3d 659, 665 (8th Cir. 2009) (<u>citing</u> <u>Westcott v. City of Omaha</u>, 901 F.2d 1486, 1488 (8th Cir. 1990)).

III. <u>Discussion</u>

Under Missouri law, which applies in this diversity case, the rules governing the interpretation of insurance policies are well settled. <u>Columbia Mut. Ins. Co. v. Schauf</u>, 967 S.W.2d 74, 77 (Mo. 1998) (*en banc*). A court must apply the general rules of contract construction when interpreting an insurance policy, because insurance policies are contracts. <u>Todd v. Missouri United Sch. Ins. Council</u>, 223 S.W.3d 156, 160 (Mo. 2007) (*en banc*). If the language in an insurance contract is clear and unambiguous, the court must construe the contract as written. <u>Wasson v. Shelter Mut. Ins. Co.</u>, 358 S.W.3d 113, 120 (Mo. Ct. App. 2011) (quotation marks and citation omitted). The words of a policy are given their ordinary meaning unless it is obvious that a technical meaning was intended. <u>Gateway Hotel Holdings, Inc. v. Lexington Ins. Co.</u>, 275 S.W.3d 268, 275-76 (Mo. Ct. App. 2008) (citation omitted). The policy "must be given

effect according to the plain terms of the agreement, consonant with the reasonable expectations, objectives and the intent of the parties." Id. (citation omitted).

Where no ambiguity exists in the contract, the court enforces the policy as written. Peters v. Employers Mut. Cas. Co., 853 S.W.2d 300, 302 (Mo. 1993) (*en banc*); see also Black & Veatch Corp. v. Wellington Syndicate, 302 S.W.3d 114, 125 (Mo. Ct. App. 2009) ("Unless the insurance policy is ambiguous, the intent of the parties is determined based on the contract alone, and not based on extrinsic or parol evidence."). An insurance policy is ambiguous when the language of the policy is susceptible to multiple interpretations and its meaning is uncertain. Green v. Penn-America Ins. Co., 242 S.W.3d 374, 383 (Mo. Ct. App. 2007) (citation omitted). Ambiguous language is construed against the insurer. Peters, 853 S.W.2d at 302. Where an insurer seeks to avoid coverage under a policy exclusion, it has the burden of proving the applicability of the exclusion. Heringer v. American Family Mut. Ins. Co., 140 S.W.3d 100, 103 (Mo. Ct. App. 2004).

A liability insurer has two distinct duties: the duty to indemnify the insured for covered losses, and the duty to defend the insured in any lawsuit seeking damages that would be covered losses. Trainwreck West. Inc. v. Burlington Ins. Co., 235 S.W.3d 33, 44 (Mo. Ct. App. 2007) (quotation marks and citation omitted). Where there is no duty to defend, there is no duty to indemnify. Id. An insurer's duty to defend its insured is determined by comparing the language of the insurance policy with the allegations in the complaint. McCormack Baron Mgmt. Servs., Inc. v. Am. Guarantee & Liab. Ins. Co., 989 S.W.2d 168, 170 (Mo. 1999). If the complaint merely alleges facts that give rise to a claim potentially within the policy's coverage, the insurer has a duty to defend. Id. at 170-71. "The obligation of the insurer to defend

arises only as to claims and suits for damages covered by the terms of the policy." Benningfield v. Avemco Ins. Co., 561 S.W.2d 736, 737 (Mo. Ct. App. 1978). An insurer does not have a duty to defend a suit where the petition "upon its face alleges a state of facts which fail to bring the case within the coverage of the policy." Trainwreck West, Inc. v. Burlington Ins. Co., 235 S.W.3d 33, 42 (Mo. Ct. App. 2007) (quoting Couch on Insurance § 51:45).

Conatser argues that his claims in the underlying action arise, not from assault and battery, but from the negligence of Euro and its employees. Where the policy excludes intentional acts and the allegations in the underlying action clearly set forth a cause of action for battery, there is no coverage and hence no duty to defend. Id. Furthermore, "[a]lthough the injuries may have been caused by the negligent acts of the defendant, that does not necessarily mean that they did not arise out of an assault and/or battery." Capitol Indem. Corp. v. Callis, 963 S.W.2d 247, 250 (Mo. Ct. App. 1997). If the "real contention" in the underlying suit is that the plaintiff's injuries arose out of an assault and battery, which in its turn arose out of defendant's negligence, the injuries are "unambiguously excluded from coverage by the assault and battery exclusion." Id. (citations omitted). In the instant case, Conatser's "real contention" is that he was injured as the result of an assault and battery which occurred due to Euro's negligence. Therefore, coverage is excluded.

Conatser argues that the assault and battery exclusion is ambiguous, citing Alea London Ltd. v. Bono-Soltysiak Enterprises, 186 S.W.3d 403, 412 (Mo. Ct. App. 2006) in support. Alea London addressed a purported exclusion contained in a binder. The binder, which was a temporary contract of insurance, included the statement "Condition: Excludes Assault & Battery." The insurer argued that this "condition"

excluded coverage for claims arising from a stabbing death in the insured's parking lot. The court found that the industry employed two different types of "assault and battery" exclusions. The binder language did not indicate which type was intended and, thus, was ambiguous. Id. at 413. Because ambiguous language is construed against the insurer, the court concluded that the exclusion did not apply. Id.

Here, Conatser contends that the meaning of "assault and battery" is ambiguous, not because the policy might encompass multiple definitions, but because there is no definition. The failure of the policy to define terms that can be understood by resorting to a dictionary does not render the exclusion ambiguous. See Trainwreck, 235 S.W.3d at 40-41 (rejecting argument that failure to define assault and battery rendered exclusion ambiguous). Here, the terms have commonly understood definitions and are not ambiguous.[1]

Conatser argues that the assault and battery exclusion does not apply because his state court action alleges that Euro's employees were negligent, not that the employees assaulted him. He cites St. Paul Fire & Marine Ins. Co. v. Schrum, 149 F.3d 878 (8th Cir. 1998), as support for his contention that the distinction is significant. The homeowner's policy at issue in St. Paul excluded coverage for bodily injury "arising out of any sexual act." The insureds were named in a negligent supervision claim after

---

[1] "Assault" is defined as:
The threat or use of force on another that causes that person to have a reasonable apprehension of imminent harmful or offensive contact; the act of putting another person in reasonable fear or apprehension of an immediate battery by means of an act amounting to an attempt or threat to commit a battery.

"Battery" is "the use of force against another, resulting in harmful or offensive contact."

Black's Law Dictionary (9th ed. 2009).

a houseguest abused visiting minor children. The Eighth Circuit concluded that the sexual-act exclusion focused on the conduct of the abuser and thus did not apply to the negligence claim. Id. at 880-81 (abuser's conduct is "merely incidental" to negligent supervision claim). Here, however, the assault and battery endorsement unambiguously excludes coverage for bodily injury arising from the insured's negligence and St. Paul is inapplicable.

Conatser next argues that the policy anticipated that its insured has a duty to protect its patrons, citing the "Expected Or Intended Injury" exclusion quoted above. There are two problems with this argument. First, the assault and battery endorsement specifically modifies the Coverage part in which the "Expected Or Intended Injury" exclusion appears. Second, Conatser does not allege in the underlying action that he was injured as the result of Euro's employees attempting to protect patrons. See Trainwreck, 235 S.W.3d at 41 (use of force to protect persons or property not an issue where injured patron's theory of recovery is unreasonable force).

\* \* \*

Based on the foregoing, the Court concludes that the claim arising from Conatser's lawsuit falls within the terms of the assault and battery exclusion contained in the endorsement to Policy No. CCP 667170. Plaintiff does not have a duty to defend or indemnify Euro for the injuries sustained by Conatser as alleged in the underlying state court action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for judgment on the pleadings [Doc. #29] is **granted**.

A Judgment in accordance with this Memorandum and Order will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of May, 2013.